### JANSEN *v.* OTTO STIETZ NEW YORK GLASS LETTER CO.

(*Supreme Court, General Term, First Department.*   June 19, 1888.)

CORPORATIONS—EXECUTION OF NOTE BY—FINDING BY JURY.

In an action against a corporation on a promissory note, signed by one whom the evidence tended to show was defendant's secretary, and impressed with a stamp which appeared to have been used as the seal of the company, there was evidence that plaintiff had advanced to defendant the amount for which the note was given. *Held,* that a finding that defendant had executed the note in consideration of money loaned to it will not be disturbed.

Appeal from circuit court, New York county.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*Edward P. Wilder,* for appellant.   *Rufus L. Scott,* for respondent.

DANIELS, J.   The verdict was recovered for the amount unpaid on a promissory note made on the 1st of November, 1883, to the order of the plaintiff, for the sum of $550.   The name of the defendant was subscribed to the note, and added to that name was the name of Silverberg.   The note was also impressed with a stamp, which the evidence tended to prove was used in the place of a seal by the corporation.   The defendant resisted its liability upon the note on the ground that it was made without authority by Silverberg, who subscribed the name of the company to it.   To meet this objection, and to establish the liability of the defendant as the maker of the note, evidence was given very directly tending to prove the fact to be that Silverberg was the secretary of the company.   That he was a trustee, elected as such in January, 1883, was proved by the testimony of Otto Stietz, the president and principal manager of the affairs and business of the company.   The evidence of Silverberg was to the effect that he was elected secretary of the company on the occasion of its incorporation, by the persons engaged as associates in incorporating the company.   That took place in September, 1875, and his testimony further tended to prove that he was recognized and acted as such during the intervening period of time, and when the note in controversy was made and delivered.   A contract entered into on behalf of the company, and subscribed by the president and Silverberg, was shown to have been so subscribed by the latter as the secretary of the company.   And in the minutes of its proceedings, and at its meetings, the evidence tended to establish the fact that he was recognized and referred to as the secretary, and that the person acting as such in his absence was chosen to do so only as the secretary *pro tem.*   Although the president in his evidence denied the fact of Silverberg being the secretary of the company, the other evidence was ample to sustain the jury in finding the fact to be as it was alleged on behalf of the plaintiff,

against this denial. As the case has been determined by the verdict, on ample evidence for that purpose, it is to be assumed in the disposition of the appeals that Silverberg was the secretary of the company at the time when the note in suit was given. The company was incorporated under the manufacturing laws of this state, and in the course of its business could very well have occasion for borrowing money, and the evidence tended to prove the fact that the note was given for money loaned by the plaintiff to the defendant. His own testimony was that he had loaned $300 to the company in 1876, which was after the time of its creation by the certificate of its organization. This money was stated by the plaintiff to have been delivered to Mr. Stietz, but that it was in fact a loan of the money to the company itself, made at its office, and at the instance of Stietz, the president of the company. Stietz denied that the loan was to the company, and stated it to have been made to himself individually. But the jury was authorized, upon the testimony of the plaintiff, to find the fact as he stated it to be; especially in view of the additional circumstance that this note was given in part for that indebtedness, and, as it was stated by Silverberg, that when it was given Stietz was present, and instructed Silverberg to give the note. The residue of the sum for which the note was given is stated to have been $250 loaned by the plaintiff to the secretary for the company in 1878. And he testified, further, that this money was used in the business of the company. The loan was made at the office of the company, and had the sanction and authority, not only of the secretary, but also of the president, by the direction which the evidence tended to establish he gave for the making and delivery of the note. This direction is more significant than it ordinarily would be, from the fact which was stated that the business of the company belonged to Mr. Stietz, who was its president, and owned nearly two-thirds of its stock. And from the evidence of the plaintiff that the first loan was made to the company, when the money in fact was obtained by Stietz himself, the jury could very well conclude that it had all been used in the company's business. To obtain money in this manner, to meet its financial necessities, was strictly within its authority as a corporation, and it was equally within its power, after having obtained it, to execute and deliver the note which was the subject of the action for payment of the amount. It is true that it was not subscribed by the president, as contracts were authorized to be made by article 7 of the by-laws; but, while the president did not subscribe the note, his conduct authenticating its subscription, in the name of the company, was equal to what was in this manner provided for, inasmuch as he directed the note to be made by the secretary. These persons were vested with the apparent authority for conducting and carrying on the business of the company. And even though they may have omitted literally to comply with the by-laws, as to the form of the contract for the payment of the money, the company itself cannot be shielded from liability on account of that omission of its controlling officers. The case in all its features differs from that of *Bank* v. *Church,* 39 Hun, 498, where the note was neither sanctioned by the corporation, nor given by the officers conjointly required to act in the transaction of its business. The present note was the act of the officers, conjointly, of a business corporation empowered to borrow money and provide for its payment, substantially the same as that might be done by an unincorporated partnership.

The objection to the reading of the annual report of the company, and of the agreement already referred to, and other testimony introduced, is without foundation. The object of its introduction was to show that Silverberg was recognized as a trustee of the company in 1878, and at other times, and consequently was authorized, as such, to manage and carry on the business within the line of his duties. The disposition made of the action when it was previously before this general term, after the complaint had been dismissed, substantially was that the points in dispute were proper matters for the jury

to consider and decide. The case was submitted to them, as that was required to be done by this view of it; and, as the evidence sufficiently supported the controverted points in it to require the case to be decided by the jury, their verdict must be regarded as final, and the judgment and order from which the appeal has been taken should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concur.